UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| JAMES E. PIMPTION, | ) | CASE NO. C06-0629-RSM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| KAREN NYGAARD, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On May 5, 2006, plaintiff submitted a complaint pursuant to 42 U.S.C. § 1983, alleging that he was denied adequate dental and medical attention during his confinement at the Snohomish County Jail ("Jail") in Everett, Washington. Because plaintiff's original complaint listed John and Jane Doe as the sole defendants, the court declined to direct service of the complaint and instead granted plaintiff leave to amend his complaint. (Dkt. #8). Plaintiff filed an amended complaint naming several defendants, including Karen Nygaard, and the court directed service of the complaint on June 30, 2006. (Dkt. #10). In so doing, the court dismissed all defendants except for Karen Nygaard because plaintiff's complaint failed to state a cause of action against the dismissed defendants. (*Id.*) Defendant Nygaard has now filed a motion for summary judgment. (Dkt. #21).

In her motion for summary judgment, defendant argues that she cannot be liable under 42 U.S. § 1983 because she did not work at the Jail at the time of the events giving rise to this

REPORT AND RECOMMENDATION
PAGE -1

lawsuit. In the declaration that she attaches to her motion, defendant states that she lived in Wisconsin during the time that plaintiff alleges he received inadequate medical attention. (Dkt. #22, Ex. 16 at 2). Accordingly, defendant contends that she did not personally participate in any alleged violation of plaintiff's civil rights. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff did not file a response to defendant's motion for summary judgment, despite having been warned pursuant to *Rand v. Rowland*, 113 F.3d 1520, 1524 (9th Cir. 1997) that failure to do so could result in dismissal of this lawsuit. (Dkt. #10 at 5). Consequently, plaintiff does not present any argument or evidence opposing the motion. Because defendant's argument is supported by her own declaration, which stands unchallenged by plaintiff, there is no genuine issue of fact as to defendant Nygaard's lack of personal participation in the events underlying this action and she is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Therefore, the court recommends that defendant's motion for summary judgment be granted and this matter dismissed without prejudice.[1]  A proposed Order reflecting this recommendation is attached.

DATED this 5th day of December, 2006.

Mary Alice Theiler
United States Magistrate Judge

---

[1] The court notes that even if plaintiff had named a defendant who personally participated in the events described in his complaint, it is debatable whether he alleges facts that state a claim under § 1983. "While poor medical treatment will at a certain point rise to the level of constitutional violation, mere malpractice, or even gross negligence, does not suffice." *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).